## COURT OF APPEALS.

### HIRAM FULLERTON and others, respondents, agt. JAMES VIALL & ISAAC T. GRANT, appellants.

Creditors have a right to all the property of the debtor, (not exempt from levy and sale on execution), and every transfer or contrivance for the purpose of preventing them from obtaining payment of their debts are illegal.

Although the grantee pays full value, if the conveyance is made with intent to defraud the creditors, and the grantee has notice of such intent, the conveyance is void as against the creditors of the grantor who may subsequently obtain judgments.

If, before the judgment is obtained the land be conveyed to a *bona fide* purchaser, the land is not subject to the lien of the judgment, but in equity the creditor's lien attaches to the fund or proceeds received by the fraudulent grantee.

If the conveyance is in fact made in trust for the grantor and to keep the property out of the reach of his creditors, or to enable him to make a subsequent disposition of it to such of his creditors as he should thereafter prefer or select, then the conveyance is fraudulent and void as against the then existing creditors.

Where payments are made towards the purchase price by the fraudulent grantee, they will not be allowed to defeat a recovery of the value of the property from him, or to reduce the amount of such recovery, and the rule is the same whether the consideration is paid at the time of the conveyance or by subsequent instalments.

In this case, the jury found the interest of the grantor over and above the mortgage and dower, to be worth $1,235, and although the grantee purchased that interest for $1,000, which was subsequently paid to the grantor, yet, the fraudulent grantee was held for what he subsequently received for the property over and above such incumbrances.

Where the grantor is a witness and on direct examination gives evidence tending to sustain the *bona fides* of a deed, he may contradict it by showing that he has made statements to other parties, inconsistent with his direct testimony, where his attention on cross-examination has been previously called to such statements, and he denies the same.

*June*, 1858.

THIS action was commenced in July, 1853, and was tried at the Saratoga circuit, June 7, 1854, before Justice HAND, with a jury.

The complaint alleged that the plaintiffs were judgment

creditors of James Viall and one S. A. House, partners in business, who failed and made a general assignment for the benefit of creditors, in September 1, 1851. That the judgments in question were recovered in 1852, and execution returned unsatisfied. The complaint also alleged, that on the 4th of September, 1851, the defendant Viall with intent to defraud his creditors, conveyed his residence at Mechanicville, N. Y., to the defendant Grant, that Grant accepted the deed with notice of the said fraud, that if it had not been for said fraudulent conveyance, said judgments would have been valid liens upon said real estate, and at the time of the commencement of this action would have been the oldest liens on said premises next after a valid mortgage of $800, given before said deed ; that the said Grant on the 1st of April, 1852, leased the said premises for three years, to one Smith, for the rent of $450, paid in advance, and that on the 1st ot April, 1853, said Grant sold and conveyed said premises for $2,700, to one Howland, that said Howland purchased said property, and took said conveyance and paid therefor in good faith, without any notice of the fraudulent intent of said Grant or Viall, and yet owns the said property in fee, that said Grant received said $450 rent, and said $2,700, with intent to defraud the creditors of said Viall, that no part of the said proceeds have been paid to the said James or his creditors, except the amount of said mortgage, and about $500 which last sum was paid to said Viall, with a view of defrauding his creditors.

The complaint demanded by way of relief, that said deed from Viall and Grant be declared fraudulent as against the plaintiffs, and their judgments, that a receiver may be appointed, that the said Grant may be decreed to pay the proceeds of said property to said plaintiffs, or to such receiver for their benefit, with the general prayer for relief.

The defendants Viall and Grant, put in separate answers denying all fraud and alleging, that the said Grant was a purchaser for full value and *bona fide,* and that the premises

were taken by him subject to the inchoate right of dower of the wife of said Viall.

On the trial, the plaintiffs proved their judgments and executions returned unsatisfied, and gave evidence tending to show, that the premises were worth from $2,700 to $3,000, and that Viall remained in possession until April, 1852.

The plaintiffs gave other evidence tending to show the fraudulent intent of Viall, and that Grant must have known it.

The defendants proved, that the firm of Viall & House, about a week before their failure borrowed of Grant and his partner $500, and gave a note therefor, that as between him and his partner soon after the deed, Grant assumed the payment of that note; that Grant agreed to buy the property for $1,000, subject to said $800 mortgage, and to said inchoate right of dower, that the $1,000, was paid by Grant assuming to pay said $500 borrowed of Grant & Co., by Viall & House, and the other $500 was paid to Viall in two installments, cash within three months after the deed, although no note or tender thereon had been given by Grant. The defendants also gave evidence tending to show, that the property was not worth over $2,000 to $2,200, if clear from all incumbrances, and that Grant sold the house to Howland for $2,700, which was paid for a free title.

James Viall was called as a witness in behalf of the defendant Grant, and gave evidence in regard to the facts above stated, on cross-examination the plaintiff's counsel offered to show the declarations of this witness about this property, at various times before the sale. This was objected to by the defendant's counsel, and objections overruled, and exception by defendant, Grant.

The witness was then examined whether he had made certain statements to S. A. House and others shortly before the deed, which he denied.

Afterwards S. A. House was recalled by plaintiffs and questioned.

The evening before the deed was given, did you have a conversation with Viall, and if so, state what it was? Counsel for Grant objected.

1st. That the declarations of Viall are not competent against Grant.

2d. That the matters sworn to by Viall are immaterial so far as Grant is concerned, and the plaintiffs having asked him those questions, are concluded by his answers.

Objections overruled, and defendant Grant excepted.

Witness answered, that on their way home from Troy, they stopped to see Grant, but he was not at home. After we left Grant's house, on the ride home, Mr. Viall remarked, that he was sorry he had not seen Mr. Grant, that he wanted to secure his house and lot. Answer objected to on the same ground as above, objection overruled and exception.

The court charged the jury :

1st. That Grant was not affected by the fraudulent acts of Viall, if any, unless the said Grant had notice of the same, or from his connection with surrounding circumstances, he ought to have learned the same, and thereby became chargeable with knowledge thereof.

2d. The court further charged the jury, that the creditors of Viall had a right to all his property not exempt from levy and sale upon execution, and that every transfer or conveyance for the purpose of preventing them from obtaining judgment of their debts, was illegal, and if Viall made the conveyance to Grant, and Grant received the same for the purpose of defrauding the creditors of the former, the conveyance was fraudulent and void as against them, and would be so even if Grant had paid the full value of the land.

2d. Also, that if the conveyance was in fact made in trust for Viall, and to keep the property out of the reach of his creditors, or to enable him to make a subsequent disposition of it to such of his creditors as he should thereafter prefer or select, that then the conveyance was fraudulent and void as against the then creditors of Viall.

The defendants, and each of them, duly excepted to the said charge, and to each and every part thereof.

The following questions were thereupon submitted to the jury, who returned their verdict, finding the several answers appended to said questions :

Was the conveyance from James Viall to Isaac T. Grant, dated on the 1st day of September, 1851, of the house and lot mentioned in the pleadings in this cause, and in which house the said James Viall then lived, executed with the intent to defraud the creditors of the said James Viall ?

To the above interrogatory, the jury answered affirmatively.

What was the value of the said house and lot on the 2d day of September, 1851 ?

The jury say, the property was worth $2,400. The widow's dower the jury find, was worth $365.

How much has the said Isaac T. Grant received in consequence of said conveyance by the use or rent received from said house and lot and by the sale thereof over and above the prior mortgage thereon.

The jury find he recived $2,270.

The defendants moved for a new trial, which was denied. The court afterwards directed judgment, declaring the said deed fraudulent and void as against the plaintiff's judgments, and that the plaintiffs recover against the defendant Grant, for damages the sum of $1,905, with interest from June 8, 1854, besides costs, the said damages being the ascertained value of the premises conveyed by said deed, over and above the prior valid incumbrances thereon, and on motion of the defendant's counsel, it was further adjudged, that said premises be and remain discharged from all lien by virtue of any judgment in favor of the plaintiffs or any or either of them, and from all claims legal or equitable on behalf of said plaintiffs or either of them.

The above judgment was affirmed at the Saratoga general

Fullerton agt. Viall.

term, December 31, 1855, before Justices C. L. ALLEN, BOCKES and JAMES.

The defendants appealed to the court of appeals, where the same was argued March 27 and 29, 1858.

W. A. BEACH, *for defendants and appellants.*

E. F. BULLARD, *for plaintiffs and respondents.*

The judgment of the supreme court was affirmed by the court of appeals, June 19, 1858.

The full case and points are in the *State Library*, *vol.* 73 *case, No.* 9.

NOTE.—We received this case from General Bullard, plaintiffs' attorney, for publication. It was written out by him, in full. including the head note, and it is on his responsibility alone, that we publish it. It is difficult for us to understand how this important case should have been overlooked or unnoticed for so long a time, and especially why there was no written opinion given in it, by either the general term of the supreme court or the court of appeals. REP.