(100 App. Div. 343)

FOX v. ERBE et al.

(Supreme Court, Appellate Division, First Department.  January 20, 1905.)

1. PERSONAL PROPERTY—FRAUDULENT TRANSFER—OWNERSHIP—EVIDENCE.
　　In a suit to set aside an alleged fraudulent transfer of a debtor's personal property, evidence *held* to support a finding of the trial court that the money was in fact the property of the debtor, and that he did not hold the same as trustee for the use of his transferee.

2. SAME—EVIDENCE—ADMISSIONS—PLEADINGS.
　　Where, in a suit to set aside an alleged fraudulent transfer of the proceeds of a certain leasehold against the debtor and his transferee, the debtor claimed that he held such proceeds only as trustee for the transferee, and the debtor was offered by the transferee as a witness to sustain such contention, a judgment against the debtor in a suit with reference to such leasehold, in which he answered alleging ownership thereof, together with the debtor's examination in supplementary proceedings containing declarations inconsistent with his evidence at the trial, were admissible for the purpose of contradicting him.

3. SAME—OBJECTIONS.
　　Where, in an action against several, documentary evidence was admissible as against one for the purpose of contradicting him as a witness, a general objection to its admissibility, not limited as to the other defendants, could not be sustained.

4. EQUITY SUIT—REVERSAL—ADMISSION OF EVIDENCE.
　　Where, in an equity suit to set aside an alleged fraudulent transfer of property, there was abundant competent evidence to sustain the judgment, it would not be reversed because some of the evidence admitted was inadmissible.

**5. SAME—VACATION OF TRANSFERS.**
Where plaintiff was the only creditor seeking relief as against alleged fraudulent transfers of property by defendant, and plaintiff's claim could be satisfied by the vacation of a particular transfer of a sum of money, it was not essential that the judgment should vacate all of the transfers shown to be fraudulent.

**6. SAME.**
Where a debtor received a certain sum of money as the proceeds of a leasehold owned by him, and thereafter delivered the same to his mother, who received it without consideration, and for the purpose of preventing plaintiff in an action against the debtor from recovering it, she was properly charged with the amount thereof in a suit by plaintiff to set aside the transfer.

**7. SAME—MINGLING OF FUNDS.**
Where a debtor's mother received from him the proceeds of certain of his property without consideration and in fraud of creditors, and thereafter mingled the money with other moneys, and assented to its deposit in the bank in the name of her daughter, a court of equity in a creditor's suit had power to render personal judgment against the mother for the amount so received in lieu of a decree setting aside the transfer.
Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Suit by Grant C. Fox against William Erbe and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

See 88 N. Y. Supp. 1102.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James P. Niemann, for appellants.
Grant C. Fox, for respondent.

HATCH, J. This action was brought to set aside the transfers of personal property made by the appellant William Erbe to his mother, Elizabeth Erbe, and his sister Elizabeth Erbe. William Erbe is a lawyer, unmarried, and has always lived with his mother and his sisters Elizabeth and Margaret. In April, 1896, one Sheehan assigned to William a lease of premises situate at 131st street and 12th avenue. In 1901 Sheehan brought an action against William Erbe to set aside this assignment. The respondent was counsel therein for the defendant upon the first trial of said action and in the argument upon an appeal. In January, 1903, respondent brought an action in the Supreme Court of Kings county against William Erbe to recover for his services in the Sheehan action, and on May 22, 1903, a judgment was taken against William Erbe by default. This was subsequently reopened, and after a trial before a jury a judgment was entered upon a verdict rendered in favor of the respondent herein and against the said William Erbe for $1,710.05, and execution was issued to the sheriff of New York county upon the same day. On July 14, 1903, the execution having been returned unsatisfied, an examination of the defendant in proceedings supplementary to execution was had. On May 4, 1903, William Erbe withdrew what was known as "Account No. 1" in the Morton Trust Company of $34,612.17, and there was opened on the same day in the same company an account for the same amount in the name of his sister Elizabeth Erbe, the younger. On May 22,

91 N.Y.S.—53

1903, the date of the taking of the judgment by default, William Erbe withdrew an account of $1,162.84 from the Emigrant Industrial Savings Bank, and paid the same over to his mother. Upon the same day he withdrew another account in the Morton Trust Company, known as "Account No. 2," of $7,921.01, and turned the cash over to his mother. Upon the same day he also closed out an account of $593.76 in the Germania Bank, using the money for personal expenses. On June 22, 1903, two days after the entry of the second judgment against him, William Erbe withdrew an account in the Union Dime Savings Institution of $639.20, and on the same day an account was opened in the same bank for the same amount in the name of his sister "Elizabeth Erbe, the younger." Upon the same day he also withdrew an account in the Metropolitan Savings Bank of $416.79, and on the same day an account was opened in the same bank in the name of his sister Elizabeth Erbe, the younger." All of these transfers were made at the request of his mother, Elizabeth Erbe, the elder. Nothing was paid therefor, and they were made for the express purpose of preventing this respondent from reaching the money. All of these accounts were in the name of William Erbe at the time of the transfer, and had been for years. On August 21, 1903, all of these accounts were withdrawn, and after this action was commenced, and about three weeks before the trial, the whole, amounting to about $40,000, was deposited with the Farmers' Loan & Trust Company in the name of the sister Margaret Erbe. On May 6, 1903, William Erbe caused to be issued by the Central Trust Company a certificate for 50 shares of the capital stock of the Brooklyn Rapid Transit Company in the name of his mother, and had the certificate, which had stood in his name, for three years, canceled. Some time between November 17, 1902, and September 18, 1903, William Erbe transferred to his mother 50 shares of the preferred stock of the St. L. S. W. R. R. Co., which he purchased November 17, 1902. Between December 15, 1902, and September 18, 1903, William transferred to his mother or sisters other property and deposits, so that thereafter he had no property remaining in his name from which the said judgment could be collected. The court below decided that the deposit of $7,291.01 in the Morton Trust Company belonged to William Erbe, and that he had transferred the same to his mother in fraud of creditors.

It is claimed upon the part of the appellants that all of the moneys which went to make up the various amounts, as well as title to all of the property transferred, while in the name of the defendant William Erbe, was nevertheless money and property held by him in trust for his mother; that it had been derived from the estate of his father, the whole of which had been given to his mother; and that William Erbe never had any beneficial interest therein. It is undisputed that the money in the various banks was deposited in his name, and the property which he purchased and transferred upon its face appeared to be an individual transaction, in which no element of trust appeared. All of the transfers, save as evidence, are immaterial to the present issue, except the account known as "No. 2" in the Morton Trust Company, amounting to $7,921.01, as that is the only money or property affected by this judgment. It is undisputed that this money was real-

ized from the property at 131st street and 12th avenue, in which William Erbe was the assignee of the lease from Sheehan. Upon the face of that transaction nothing appeared to show that any other person had any interest in the leasehold estate so assigned except William Erbe and the assignor. Elizabeth Erbe, the mother, was not mentioned in the transaction, nor named in the papers, nor proceeded against by Sheehan when he brought his action to set aside the assignment. In no form, either by pleading or otherwise, was any interest of any character averred to exist in the mother of William Erbe. The money which went to make up the account last mentioned was traced from this leasehold estate into a bank account in the name of William Erbe. The proof was therefore sufficient for the court to find that this money was the property of William Erbe, and, as this finding is fairly deducible from all the evidence which was given, this court would not be justified in reversing or otherwise interfering with it based upon a lack of the evidence to support it. Slayback v. Raymond, 93 App. Div. 326, 87 N. Y. Supp. 931.

The appellants urge, however, that error was committed upon the trial which calls for a reversal of the judgment. The plaintiff, to sustain his cause of action, offered in evidence the judgment obtained by Sheehan against William Erbe. There can be no question but that this judgment was evidence against William Erbe. Its direct effect was to show that he was the owner of the leasehold interest under the transfer from Sheehan. The averments of his answer set up a claim of ownership, in consequence of which they were competent as declarations respecting the ownership of the leasehold property, and, as the money reached by the judgment proceeded from such source, the connection was complete. It is said, however, that, even though this judgment be admissible against William Erbe, it was not so admissible against the other parties to the action. This claim cannot be sustained for two reasons. The objection to the admissibility of the judgment roll was general in character. It was not suggested that it was not admissible against these parties, and the ground of the objection went to its entire exclusion. It called for that, and nothing else. As it was admissible against one, the court was not authorized to reject it entirely; and, if the other defendants sought to limit its application, they were required to call the matter to the court's attention. Not having done so, the objection that it should have been rejected or so limited is not available. Stowell v. Hazelett, 66 N. Y. 635; Keegan v. Third Ave. R. R. Co., 34 App. Div. 297, 301, 302, 54 N. Y. Supp. 391, affirmed on appeal 165 N. Y. 622, 59 N. E. 1124.

Aside from this question, it appeared that the matter contained in the judgment roll tended to contradict the statements and claim made by William Erbe upon this trial. His present claim is that he had no personal or beneficial interest in the leasehold estate, but that it belonged entirely to his mother. The averments contained in the answer, and his other declarations connected with it, as was also the judgment granted therein, were inconsistent with such claim. Consequently the contents of the judgment roll tended to contradict upon a material matter the statements and evidence of William Erbe given upon the trial. This affected his credibility as a witness. It is always compe-

tent to show contradictory statements made by a witness as bearing upon his credibility, and this may consist of oral or written declarations. Stephens v. The People, 19 N. Y. 549; Gaffney v. The People, 50 N. Y. 416; New York Guaranty & Ind. Co. v. Gleason, 78 N. Y. 503. It has been held that an examination in supplementary proceedings, which contained declarations of a party inconsistent with those given upon a trial which sought to set aside a transfer as fraudulent, was not only admissible against the person making them, but was also admissible against other parties to the action as bearing upon the credibility of the witness. Wright v. Nostrand, 94 N. Y. 31. It is clear, therefore, that this judgment roll was not only admissible against William Erbe as a declaration and admission, but was also admissible against the other defendants as bearing upon his credibility, they having offered him as a witness. The evidence taken in the account proceeding, the examination in supplementary proceedings, and the other papers and proceedings which were admitted, and which have been urged upon our attention upon this appeal as constituting error, are each alike in the same condition, so far as admissibility in evidence is concerned, as was the Sheehan judgment, and the same rule must apply to each.

The admission of the examination in supplementary proceedings it is now suggested was erroneous for the further reason that such examination was not properly authenticated. No objection interposed by the defendants raised such question, and it appeared in the record to have been properly signed by William Erbe, and otherwise properly authenticated. It may be that some of this testimony was immaterial upon the issue, but the bulk of it was not only material and relevant, but important as bearing upon the issue litigated. So far as it was immaterial or irrelevant to the issue, it did not work harm to the defendants. It may be said, excluding it from consideration entirely, that there is an abundance of competent evidence to sustain this judgment, and under such circumstances the court is not justified in reversing it, even though some of the evidence was not admissible. De St. Laurent v. Slater, 23 App. Div. 70, 48 N. Y. Supp. 1103. There is nothing, therefore, in the rulings upon the admissibility of evidence upon the trial, which calls for a reversal of the judgment.

The judgment in form is correct. It was not essential that all of the transfers should be set aside, as the only creditor seeking relief was the plaintiff in the action, and his claim could be satisfied by making the judgment applicable to a particular sum of money sufficient to satisfy it. As we have already observed, it was made clearly to appear that the proceeds of the leasehold premises finally came to rest in the account in the Morton Trust Company known as "No. 2." It is also undisputed that this sum of money was drawn out and delivered over to Elizabeth Erbe, the elder. It having belonged to William, and she having received it without consideration, and for the purpose of preventing the plaintiff in this action from reaching it, she is properly chargeable with its amount. So far as her liability is concerned, it is not of consequence that she subsequently mingled this money with other moneys, and assented to its deposit in a bank in the name of Margaret Erbe. The facts were sufficient upon which to found a per-

sonal judgment against her for that amount. A court of equity has the power to adapt its relief to the exigencies of the case, and may award a personal judgment against a party in lieu of setting aside a transfer where the facts establish such personal liability. Baily v. Hornthal, 154 N. Y. 648, 49 N. E. 56, 61 Am. St. Rep. 645; Murtha v. Curley, 90 N. Y. 372.

We find no defects in this judgment which call for a reversal. It should therefore be affirmed, with costs. All concur, except INGRAHAM, J., who dissents.