WAHLHEIMER et al. v. TRUSLOW et al.

(Supreme Court, Appellate Division, Second Department.   June 9, 1905.)

1. FRAUDULENT CONVEYANCES—ASSIGNMENT OF PROPERTY.

An assignment of all his property by a debtor for less than one-third of its value, in order to prevent the same from being subjected to a forced sale, was fraudulent as against creditors, where the assignee understood the assignor's necessities, and that the assignment covered all property available for the satisfaction of creditors, regardless of whether the assignee intended ultimately to turn any surplus over to the assignor or to keep it himself.

2. SAME.

An assignment fraudulent as against creditors may be set aside at their instance, regardless of whether or not the assignee also perpetrated a fraud on the assignor.

3. SAME—ATTACK BY CREDITORS—SUBSEQUENT CREDITORS.

Under the statute declaring assignments made with fraudulent intent void as against every person hindered, delayed, or defrauded thereby, a conveyance which is fraudulent as to existing creditors may be attacked by subsequent creditors.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, § 631.]

4. BANKRUPTCY—DISCHARGE—EFFECT ON LIEN CLAIMS—CREDITORS' SUITS.

The lien obtained on the equitable interest of a judgment debtor by the institution of a creditors' action to reach such interest is not lost by the subsequent discharge in bankruptcy of the judgment debtor.

5. CREDITORS' SUIT—EFFECT OF INSTITUTION—LIEN.

The lien gained by creditors who prosecute an action to set aside a fraudulent transfer made by their debtor is created, as between the parties to the action, by the commencement of the action, without the filing of a lis pendens.

6. SAME—JUDGMENT.

Where, in a creditors' suit to set aside a fraudulent transfer made by a debtor, no accounting is necessary, the rendition of a money judgment in plaintiffs' favor is proper.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, § 972.]

Appeal from Special Term, Kings County.

Action by George Wahlheimer and another, carrying on business as copartners under the firm name and style of J. H. Miller, against Charles W. Truslow individually and as trustee of William Wall, deceased, and another.   From a judgment for plaintiffs, defendants appeal.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Henry W. Jessup, for appellants.
J. Noble Hayes, for respondents.

MILLER, J.   This is a creditors' action, in which it appears that the judgment debtor, William Wall Weaver, was the owner of an equitable interest in certain real estate acquired by the defendant Truslow, as trustee, on the foreclosure of certain mortgages belonging to the trust estate, the said Weaver being entitled to a beneficial one-sixteenth interest therein, and the said Truslow also being a beneficiary entitled to a like share.  On the 1st day of September, 1893, said Weaver assigned his interest to the defendant Howard, who occupied offices with the defendant Truslow, and had been acting as attorney for him as trustee aforesaid.  The consideration for such assignment was the sum of $800, either furnished by the defendant Truslow at the time or soon thereafter repaid by him to said Howard.  The trial court has found, upon evidence which supports the finding, that the interest so assigned was of the value of upwards of $3,000, and that the assignment in form to the defendant Howard was in fact an assignment directly to the defendant Truslow.  Said interest was all that remained to the said Weaver out of a share amounting to upwards of $60,000, and constituted his entire estate at the time.  The assignment was made as the result of an application by him to the defendant Truslow for money which he stated was desired by him to pay a hotel bill of $750 at Seabright in order to obtain the personal effects of himself and wife, which were being held as security for said bill.  The defendant Truslow claims that he procured the defendant Howard to advance the money and take an assignment of the interest to prevent its falling into the hands of money lenders, who he feared might compel a sale of the real property, resulting in loss to the beneficiaries; and it may fairly be inferred from the testimony that he also feared that the creditors of Weaver might cause a like embarrassment.  The view of the transaction most charitable to the defendant Truslow is that the assignment was procured by him to preserve the share of said Weaver, and to prevent its falling into the hands of persons who might force a sale of the property, which he deemed disadvantageous to the estate; and whether he intended ultimately to turn over to Weaver any surplus or to keep it himself is quite immaterial, for in either event his act "hindered" and "delayed" creditors.  The evidence clearly indicates that the defendant Truslow understood the pressing need of Weaver for money, and the inference is irresistible that he must have known that Weaver had creditors, and that he was obtaining by the assignment all of the property available for the satisfaction of the claims of such creditors.  These facts, together with the circumstance that the consideration paid was less than one-third of the value of the interest assigned, are sufficient to support the finding that said assignment was made to hinder, delay, and defraud creditors.  It is also found that said Weaver did not have adequate knowledge of the value of the property so assigned, and that said Truslow overreached the said Weaver, to whom he stood in a fiduciary relation. The appellants insist that, so far as the fraud perpetrated upon Weaver is concerned, his creditors do not stand in his shoes, but that the transaction as to him was voidable, and not void, and that

he alone could elect to ratify or disaffirm it. It is unnecessary to consider this question, because the finding that the assignment was fraudulent as to creditors being warranted by the evidence sufficiently supports the judgment appealed from, and there is no inconsistency in the finding that the transaction was fraudulent both as to Weaver and his creditors, although we prefer on this appeal to rest our decision on the more charitable assumption which eliminates the theory of an intent to defraud Weaver, and proceed only on the theory that the transaction of necessity had the effect of hindering and delaying creditors, as the defendant Truslow must have known when he procured the assignment to be made.

The judgment which is the basis of this action was obtained April 24, 1896, for the sum of $522.14, only $150 of which had been contracted at the time of the assignment sought to be set aside; but this is immaterial, as, if a conveyance is fraudulent as to existing creditors, it may also be attacked by subsequent creditors. King v. Wilcox, 11 Paige, 589; O'Brien v. Whigam, 9 App. Div. 113, 41 N. Y. Supp. 40; Dewey v. Moyer, 72 N. Y. 70, 76. If the assignment is made with fraudulent intent, the statute makes it void as against every person "hindered, delayed, or defrauded." The learned trial court properly found, therefore, that the defendant Truslow held the proceeds resulting from such interest as trustee ex maleficio for the creditors of Weaver.

This action was commenced on the 19th day of March, 1900. On the 9th day of February, 1900, the judgment debtor filed a petition in bankruptcy, and on the 16th day of May, 1900, he was discharged by a certificate of the United States District Court from all debts and claims provable against his estate. A lis pendens was filed in this action on the 22d day of June, 1900. It is claimed by the appellants that the judgment debtor's discharge in bankruptcy is a bar to the maintenance of this action. This defense was not pleaded, and no motion was made by the defendants either at the close of the plaintiffs' case or of the entire evidence indicating an intention on their part to rely upon it as a defense. However, assuming, without deciding, that the facts sufficiently appeared to enable the defendants to take advantage of them, although not pleaded in the answer, we are still of the opinion that they do not constitute a defense to the action. It is undoubtedly true that the judgment which is the basis of this action was not a lien upon the real property in question. The judgment debtor had only an equitable interest, but the commencement of this action created an equitable lien upon such interest. Storm v. Waddell, 2 Sandf. Ch. 494; Brown v. Nichols, 42 N. Y. 26; Lynch v. Johnson, 48 N. Y. 27; First Nat. Bank v. Shuler, 153 N. Y. 163, 171, 47 N. E. 262, 60 Am. St. Rep. 601. The action is one in rem to reach the equitable interest of the judgment debtor, and the lien thus obtained was not lost by the subsequent discharge in bankruptcy of the judgment debtor, but may be enforced notwithstanding payment could not be compelled from the judgment debtor personally. The defendants, however, insist, upon the authority of Ocean Nat. Bank v. Olcott, 46 N. Y. 12, that the filing of a lis pendens was necessary to

create such lien, and that, the judgment debtor having been discharged before the filing of the lis pendens, the judgment became extinguished, and that no lien based thereon could be created subsequently to such extinguishment. It will be noticed that in the case relied upon the judgment creditor's action was not begun until long after the judgment debtor's discharge in bankruptcy. The lien is created by the commencement of the action. The office of a lis pendens is to give notice to subsequent purchasers or incumbrancers. Prior to the statute the lis pendens was created by the filing of the bill, and all persons who became purchasers or incumbrancers pendente lite were bound by the judgment. The effect of the statute was to make the pendency of the action, so far as it affected real estate, notice only from the time of the filing of the lis pendens as provided. Had a trustee in bankruptcy been appointed, a different question might have arisen. Undoubtedly in such case the right to maintain the action would have vested in the trustee, and it is also probable that the lien acquired by the plaintiffs by the commencement of the action would not have given them priority over other creditors, for the reason that the action was not begun more than four months before the filing of the petition in bankruptcy; but, no trustee having been appointed, the plaintiffs can proceed to the enforcement of their lien obtained before the discharge, because, so far as the discharge itself is concerned, its effect is personal to the judgment debtor. Dewey v. Moyer, supra; Moyer v. Dewey, 103 U. S. 301, 26 L. Ed. 394. No accounting being necessary, a money judgment was proper. Baily v. Hornthal, 154 N. Y. 648, 49 N. E. 56, 61 Am. St. Rep. 645.

There are no other questions presented by the record requiring further consideration, and the judgment should be affirmed, with costs. All concur.