Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

L. I. Somerville, for appellant.

L. B. Faber, for respondent.

PER CURIAM. When the motion herein was made, a valid final judgment in the action had been entered, and therefore no amendment of the pleadings was proper.

The order appealed from must be affirmed, with $10 costs and disbursements.

=====

(75 Misc. Rep. 285.)

MALLOUK v. AMERICAN EXCHANGE NAT. BANK et ál.

(Supreme Court, Trial Term, New York County. January, 1912.)

1. BANKRUPTCY (§ 377*)—COMPOSITION AGREEMENT—SUFFICIENCY.

A composition agreement between a bankrupt firm and its creditors must provide that every creditor who agrees to accept the payment offered does so on condition that every other creditor shall do likewise.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 586–588; Dec. Dig. § 377.*]

2. BANKRUPTCY (§ 377*)—COMPOSITION WITH CREDITORS—FRAUDULENT PREFERENCES.

If one creditor under a composition agreement receives more than another creditor, or receives security which another creditor does not receive, the composition agreement is fraudulent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 586–588; Dec. Dig. § 377.*]

3. BANKRUPTCY (§ 386*)—COMPOSITION AGREEMENT—FRAUD—RIGHTS OF CREDITORS.

Where a bank on accepting a composition agreement received an additional note for 25 per cent. more on its claim than the other creditors, with collateral security consisting of a conveyance of certain real estate to a third person for the bank's benefit, the assignee of the creditors of the bankrupt is entitled to a judgment in an action against the bank for the value of the property at the time of its conveyance, plus its rental value while held in trust for the defendant bank.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 606; Dec. Dig. § 386.*]

Action by Elias N. Mallouk against the American Exchange National Bank and others. Judgment for plaintiff.

Ferris & Dannenberg, for plaintiff.

Cardozo & Nathan, for defendants.

COHALAN, J. The plaintiff, as the assignee of certain judgment creditors, sues to set aside as fraudulent a transfer of the equity that defendants Yamin and Rahaim formerly owned in the premises No. 74 Greenwich street, in the borough of Manhattan, city of New York. On August 11, 1909, Alexander Yamin and Tanius Rahaim, who had conducted business under the firm name of Rahaim & Malhami, were adjudicated bankrupts. In October, 1909, a composition agreement was

effected. It provided for the settlement of the debts of the bankrupts by the payment to the creditors of 10 per cent. in cash and 15 per cent. in two notes, one to become due in 6 months, and the other to become due in 12 months. The composition was confirmed by the United States District Court for the Southern District of New York, and the cash and the notes were delivered by the trustee in bankruptcy to the creditors, including the creditor American Exchange National Bank, the principal defendant in this action. The plaintiff offered evidence to show that, when the defendant American Exchange National Bank was asked to sign the composition agreement, it refused. Thereupon it was agreed between the bankrupts and the defendant bank that, if the bank would sign the composition agreement, the bankrupts would give to the bank an additional note for 25 per cent. of its claim, and would secure all the notes by a conveyance of the equity of the bankrupts in the premises No. 74 Greenwich street. The bank then signed the composition agreement. Thereafter, and after the other creditors had signed the composition, the bankrupts delivered to the bank an additional note for 25 per cent. of its claim, and secured all the notes by a conveyance to the defendant Rush, who was acting for and on behalf of the bank, of the equity possessed by them in the Greenwich street premises. I think that there is sufficient evidence in the case to support the plaintiff's theory thereof. It is not disputed that the bank actually received 25 per cent. more in notes than did the other creditors; that it actually accepted, as collateral security for the payment of this note, a conveyance of the property; and that the deed was not recorded until about a month after it was delivered. There is proof that these arrangements were made prior to the signing of the composition agreement by the bank. The bank concedes that the bankrupts executed and delivered the deed of 74 Greenwich street to the defendant Rush for its benefit, and that notes for the additional 25 per cent. were also received, for its benefit, and for the benefit of the Market & Fulton National Bank. The bank, however, declared that as a consideration for these transactions it surrendered to the bankrupts notes aggregating over $9,500.

[1] It is needless to assert that a composition agreement, in order to be effectual, must essentially provide that every creditor who signs and agrees to take the reduced payments offered does so on condition that every other creditor shall do likewise.

[2] If one creditor receives more than another creditor, or if he receives security which another creditor does not receive, then the composition agreement fails of its purposes. It becomes fraudulent, and whatever is unfairly acquired in excess of the other creditors may be recovered back by the injured creditors. Hanover National Bank v. Blake, 142 N. Y. 404, 37 N. E. 519, 27 L. R. A. 33, 40 Am. St. Rep. 607. In that case the court said:

"The general principle has been long settled in England and here that a secret agreement, which induces a creditor to agree to a composition by the promise of a preference, or of some undue advantage, over the other creditors, is utterly repugnant to the composition agreement, and, from its fraudulent nature, is avoided by the law. The very essence of a composition agreement

is that all creditors come in upon terms of equality; and that equality would be destroyed, if the secret agreement were given effect."

In that case the composition agreement was upheld, but it was conclusively established that, where one creditor secretly received more that the other creditors or received security for the same, what he received was void, and could be set aside, and recovered. The bank's claim that its delivery of the notes of $9,500 constituted a new and valuable consideration for its preference lacks substance, and is wholly insufficient. Union National Bank v. Warner, 12 Hun, 306.

It appeared that these notes·were overdue, and no effort had been made to collect them from the maker. There are, besides, two significant features adduced in the evidence which are damaging to the defendant's case: (a) The bank in proving its claim in bankruptcy included the liability of the bankrupts as indorsers of these notes in its claim; and (b) the deed of trust in evidence shows that the real estate was held both as security for the composition notes and for the additional note of 25 per cent. which the bank received. It is undoubted that the bankrupts at the time of the transfer were insolvent. The property has been sold under foreclosure proceedings.

[3] The plaintiff, therefore, is entitled to a judgment for the value of the property at the time it was conveyed to the defendant Rush, plus its rental value during the time it was held in trust for the bank. Fox v. Erbe, 100 App. Div. 343, 91 N. Y. Supp. 832, affirmed 184 N. Y. 542, 76 N. E. 1095; Salt Springs National Bank v. Fancher, 92 Hun, 330, 36 N. Y. Supp. 742. The case of Fullerton v. Viall, 42 How. Prac. 294, is authority for the proposition that creditors are entitled to the value of the property in the hands of the fraudulent grantee at the time of the conveyance, irrespective of whether or not the grantee gained a profit or sustained a loss by his transaction. There was testimony offered that the equity in the premises was worth at the time of the transfer the sum of $9,000. I am not satisfied that it was worth this amount. The defendant claims that the equity had no value whatsoever. Before findings are submitted, I will hear counsel in regard to the submission of additional testimony as to the value of the equity.

Judgment for plaintiff.