(163 App. Div. 60)

### O'REILLY v. ADAMS et al. (No. 145–66.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

1. EXECUTION (§ 409*)—SUPPLEMENTARY PROCEEDINGS—APPOINTMENT OF RECEIVER—BANK DEPOSIT—PAYMENT.

Where, after the appointment of a receiver for a judgment debtor in supplementary proceedings, a bank deposit belonging to the debtor, the title to which was vested in the receiver, was paid by the bank to the debtor's wife without regard to the true ownership of the fund, the receiver was entitled to recover the same from the bank.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

2. TRIAL (§ 87*)—RECEPTION OF EVIDENCE—OBJECTIONS—EVIDENCE ADMISSIBLE AGAINST ONE OF SEVERAL DEFENDANTS.

In an action by a receiver of a judgment debtor in supplementary proceedings against a bank to recover a deposit alleged to have belonged to the debtor, but which the bank had wrongfully paid to the debtor's wife, evidence given by the wife in supplementary proceedings against her, prior to her death, that she had no money in the bank and that the deposit she had there at one time belonged to her husband and children, being admissible against her administrator, was not subject to a general objection in favor of all the defendants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 227; Dec. Dig. § 87.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Ulster County.

Action by James T. O'Reilly, as receiver in supplementary proceedings of the property of James McCord, against George R. Adams and others. From a judgment in favor of plaintiff, defendant Rondout Savings Bank appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

De Witt Roosa, of Kingston (H. H. Flemming, of Kingston, of counsel), for appellant.

N. Frank O'Reilly, of Kingston (John D. Eckert, of Kingston, of counsel), for respondent.

WOODWARD, J. The Rondout Savings Bank is the only appellant from the judgment. The cause of action alleged in the complaint is that the plaintiff is receiver in supplementary proceedings under a judgment recovered by one Casper Michels against the defendant James McCord in the sum of $397.55; that the judgment was assigned to one John D. Eckert; that from July, 1902, until June, 1910, the judgment debtor, James McCord, had on deposit in the Rondout Savings Bank $400, which he refused to pay to the plaintiff as receiver as aforesaid, after demand. The defendant Rondout Savings Bank denies that James McCord at any time, as in the complaint stated, had on deposit in said bank the sum of $400, or any part thereof, and alleges that the deposit was made by his wife, Maria McCord, in her name; that it was her money, and, although she changed the account to a joint account in her name and James McCord's name, and again changed it carrying it in his name, that said account was the account of Maria McCord at all times; that the passbook never came into the possession of James McCord and never left her possession and control; and that said account was closed in June, 1910, by the payment of the moneys due thereon to Maria McCord.

[1] There can be no doubt that there is evidence in the case from which the court was justified in finding that the deposit in question, while originally made in the name of Maria McCord, was in fact made from moneys earned by James McCord, and that the various shifts in the account were made for the purpose of defeating judgments and delaying creditors, and that the payment of the fund to Maria McCord was done without regard to the true ownership of the same which, at that time, was vested in the receiver. The only question requiring any serious consideration is suggested in connection with certain matters admitted in evidence after the death of Maria McCord.

[2] It seems that Maria McCord was sworn in supplementary proceedings taken by John D. Eckert, as a judgment creditor, she being the judgment debtor, and that she at that time swore that she had no money in the Rondout Savings Bank, and that the money she had there at one time belonged to her husband and children. The defendant bank was not a party to that proceeding, and when the testimony was offered in the present action its attorney objected "to the testimony given by Maria McCord in the case of John D. Eckert against Maria McCord," with no suggestion that it be limited to the defendant

James McCord as administrator of the estate of Maria McCord; and it is now urged that this is reversible error. The record in a prior proceeding, in which Maria McCord was a witness, was clearly competent as against her estate, and the court was not called upon to exclude the testimony upon a mere general objection, where it was competent as against one of the parties. Fox v. Erbe, 100 App. Div. 343, 347, 91 N. Y. Supp. 832. The subsequent objection to the same line of evidence, after its admission, with no motion to strike out or to limit the same, does not call for a reversal in this court.

The judgment appealed from should be affirmed, with costs. All concur.