## AMERICAN AGRICULTURE CHEMICAL CO. v. JANKOWSKI.

### No. 369.

Circuit Court of Appeals, Second Circuit.

July 10, 1939.

J. Carlisle Swaim, of New York City, for complainant-appellant.

No appearance for defendant-appellee.

Before AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a suit by the assignee of a judgment-creditor, which had sold fertilizer during the years 1922 and 1923 to Leon Jankowski for farming operations, to set aside transfers made by the latter to his wife, the defendant, without consideration. The fraudulent character of the transfer of Jankowski's land can no longer be questioned for it was adjudged by the trial court and the defendant has taken no appeal. It is manifest from an examination of the record in the district court that the defendant is a person full of guile. She not only obtained the land from her husband without consideration at a time when the assignor of plaintiff had a large claim against him that has never been paid, but made a pretended sale of it to her mother about eight months thereafter in order to get it into the hands of a person who would appear to be a bona fide purchaser for value. To carry out this subterfuge, $6,000 in cash is said to have been passed from the mother to the daughter as consideration for the deal. There was no showing of how the mother obtained any such sum and the rentals from tenants of the real estate transferred continued to be collected by the daughter. Only about six months after the lots were deeded to the mother she made a will in which she devised them to the defendant, though they were by far her largest asset, and one month thereafter died, leaving only household goods appraised at $1,190.95 as her remaining asset, and debts and administration expenses amounting to $3,502.11. She had six children beside the defendant who were given no share in the land. All

these circumstances point to the illusory character of both transfers. Through them the defendant sought to defraud her husband's creditors.

■ The foregoing evidence was sufficient to persuade the trial court to set aside the transfer of the real estate and to require an accounting of the rents and profits of the land from the defendant. It also strongly supports the inference derivable from other facts in the case that the defendant obtained from her husband without consideration at least $6,062.22 in cash in fraud of his creditors at about the same time she got the land.

Leon Jankowski had a stroke of apoplexy in May, 1923, and a later one which somewhat paralyzed him in September of that year. On July 28, 1923 he deeded the land to the defendant, and on July 11, 1923, drew $3,312.22 out of his account with the Jamaica Savings Bank and closed the account. On the same date he drew $2,750 out of the Roslyn Savings Bank. He lived for some years thereafter in an enfeebled condition and finally died in February, 1933. The complainant was unable to collect its judgment against him during the five years intervening between 1927 and 1933 and acquired no information prior to the autumn of 1934 which encouraged further efforts to realize upon the indebtedness. But that autumn a sensational story appeared in the newspapers that the defendant had lost $11,300 United States currency which she had long carried on her person and had recovered it through the police. Of this large sum $8,000 was in eight one thousand dollar gold certificates. In connection with the necessary surrender of these certificates to the government and the conversion of them into ordinary currency she informed two different persons that part of the currency she had recovered was derived from her husband. After obtaining this information as to possession by the defendant of an unexpected sum of money, part of which at least came from her husband, the complainant brought the present suit against her. Her defense at the trial was that she had earned all the money working as a housemaid, but that is not a satisfactory explanation for her total wages, with no allowance for clothing or other personal expenses, only amounted to about $8,000, whereas the cash she carried was $11,300. At the close of the testimony the trial judge said:

"I think the defendant's story is wholly incredible. I am of the opinion that the $11,000 in part, on her own admissions made to the Chief of Police of the Town of Port Washington and to Mr. Rodney, the Government agent, show that some of that money at least came from her husband and as between the acceptance of their testimony and that of the defendant, I unhesitatingly take the testimony of such disinterested and perfectly reliable and responsible witnesses as Mr. Rodney and the Police Chief of Port Washington."

■ While the judge ultimately declined to make a finding that any part of the $11,300 was derived from the husband's estate we are very clear that his first impression was the best and that the proof warranted a finding that $6,062.22 came from his property. The close proximity of the withdrawals from the banks on July 11, 1923, to the transfer of the land, the fraudulent conduct of the defendant in connection with the latter transaction, and the great unlikelihood of her story that the entire $11,300 came from her own earnings required a finding that the $6,062.22 of her husband's assets, the disposition of which neither he nor she has ever accounted for, remained in her hands and was part of the cash that she was carrying about her person. Under the circumstances a decree for the recovery of $6,062.22 fraudulently obtained from the assets of Leon Jankowski, less $32.50 already paid by her out of the $11,300 carried on her person to the Port Washington National Bank to liquidate his overdraft, should pass by way of a judgment directed against the defendant as hereinafter provided and to be enforced by execution. Baily v. Hornthal, 154 N.Y. 648, 49 N.E. 56, 61 Am.St.Rep. 645; Murtha v. Curley, 90 N.Y. 372; Fox v. Erbe, 100 App.Div. 343, 349, 91 N.Y.S. 832, affirmed, 184 N.Y. 542, 76 N.E. 1095; Walheimer v. Truslow, 106 App.Div. 73, 94 N.Y.S. 137; Macken v. Gass, D.C., 23 F.Supp. 320, 322.

The decree is modified by granting a personal judgment to the complainant against the defendant for the recovery of $4,031.62 and interest from December 14, 1927, and costs, but the recovery against her personally shall in no event exceed $6,029.72. Any moneys which the complainant shall realize either from the sale of the land directed in the decree appealed from, or from the rents and profits for which defendant has been ordered to account, shall be credited upon

the complainant's claim as merged in the above mentioned judgment for $4,031.62. The District Court in modifying its decree in accordance with the mandate of this court may enjoin the defendant from disposing of any part of the $6,029.72 derived from her husband or any substitutions therefor.

Decree modified in accordance with the foregoing opinion and as so modified affirmed.