Rapallo, J.
 

 The referee has found, as a conclusion of law, that the action was not barred by the statute of limitations.
 

 To sustain the conclusion, he must have found, as a fact, that the action was commenced within six years after the discovery of the facts constituting the fraud.
 

 The only express finding on this point contained in the case or report is, that neither the plaintiffs nor their assignors discovered that the deed was made without consideration until within six years.
 

 This finding must be taken in connection with the finding
 
 *413
 
 also contained in the case, that at the time of giving this deed O’Maley had not property sufficient to pay his debts.
 

 The fact that a deed is without consideration is not of itself sufficient to make it fraudulent as to creditors, 2 E. S., 137. But if the grantor is insolvent at the time, the want of consideration is a controlling fact on the question of fraud.
 

 It is more than mere evidence; it is a fact from which a fraudulent intent may be inferred.
 

 The conveyance purported on its face to be made for a valuable consideration. Knowledge by the creditor of the existence of this conveyance, and of the indebtedness of the grantor, without knowledge that the conveyance was voluntary and without consideration, could not be deemed knowledge of the facts constituting the fraud. Until he learned the fact last mentioned, he cannot be said to have discovered the facts constituting the fraud.
 

 Although the main question of fact upon which the invalidity of the conveyance depends is the intent to defraud creditors, yet that intent is a mere conclusion or inference from other facts. Ignorance of the facts from which that conclusion is to be drawn, is ignorance of the facts constituting the fraud, within the meaning of the statute. In the present case, the fundamental fact from which the conclusion of a fraudulent intent is drawn, is the absence of any valuable consideration for the conveyance. So long as the creditor was ignorant of that essential and controlling fact the statute ought not to run against him.
 

 But assuming that the finding of the referee is imperfect in form, and that he should have found that the plaintiffs did not discover until within six years that the deed was made with intent to defraud creditors, that defect in the finding should, according to well settled rules, be supplied by intendment, in support of the judgment, provided the case contained evidence which would have warranted the referee in making the proper finding.
 

 The case does contain such evidence.
 

 
 *414
 
 Erickson, one of the plaintiffs, who was president of the Union Bank at the time of the transactions in controversy, testifies that he learned of the conveyance when he took the judgment to the Union Bank, but that he ascertained the facts relating to it at about the time this suit was commenced. That at that time O’Maley told him that the conveyance was made for the purpose of preventing the recovery of the debt to the bank, and without consideration.
 

 That that was the first knowledge he ever received of it; that when O’Maley gave the judgment, he said the conveyance was
 
 bona fide,
 
 and that he was indebted to Quinn.
 

 Jennings, who was cashier of the bank at the same period, testified that until the occasion when O’Maley sent for him shortly before his death, he never knew any fact tending to show that the conveyance was in fraud of creditors.
 

 Mumford, the other plaintiff, who appears to have been attorney for the bank at the time of the transaction, states that he knew nothing about the conveyance except what he learned at about the time of the commencement of the action.
 

 The evidence shows that the Union National Bank was the same institution which recovered the judgment, converted pursuant to the statute into a national bank; and there is no evidence that there was any person other than the witnesses above named, who could have any knowledge of the matters in controversy.
 

 Upon this evidence it should be intended, if necessary, that the referee was satisfied that the facts constituting the fraud were discovered within six years before the commencement of this action.
 

 The referee has found that at the time of the conveyance the defendant Mary Ann Quinn did not know that her father was indebted; and there was nothing to show that she was intentionally a party to his fraud. I think that she should not be charged personally with the costs, and that the judgment should be modified so as to make them a charge upon or payable out of the proceeds of the property only, and as
 
 *415
 
 thus modified should be affirmed with costs, payable in like manner.
 

 Gkoveb and Folgeb, JJ., concur; Peckham, J., concurs in result; Ohuboh, Oh. J., and Allen, J., dissent.
 

 Judgment accordingly.