SMITH *v.* REID.

*(City Court of Brooklyn, General Term.* November 24, 1890.)

1. FRAUDULENT CONVEYANCES—IMPEACHMENT BY PURCHASERS ON EXECUTION.
   A purchaser of real estate sold under an execution has the right to impeach a prior conveyance thereof by the judgment debtor as fraudulent as against the judgment creditor.

2. EXECUTION—ISSUANCE—DEATH OF PARTY.
   Code Civil Proc. N. Y. § 1380, relating to executions against the property of decedents was amended by Laws 1879, c. 542, so as to provide that, where a judgment has been docketed in the county clerk's office, the order and surrogate's decree required before issue of execution, after the death of the judgment debtor, shall not be made until the expiration of three years after the granting of letters testamentary, or letters of administration on his estate. *Held*, that the amendment which took effect July 10, 1879, did not apply to cases where the judgment debtor died before that date.

3. BONA FIDE PURCHASERS—NOTICE.
   The possession of land by one claiming under the purchaser at a sale thereof on execution is notice of his claim of title and interest to a purchaser from a devisee of a grantee of the execution debtor.

4. ACTIONS AGAINST INFANTS—GUARDIAN AD LITEM.
   A judgment declaring a deed void for fraud, as against creditors of the grantor, does not bind an infant devisee of the grantee, who was not served with the summons in the action, and made no application to appear therein by guardian, or otherwise, although, on application of the plaintiff, a guardian was appointed and summons served on him, if such application did not show, in accordance with Code Civil Proc. N. Y. § 473, providing therefor, that the infant was a resident of the state temporarily absent therefrom.

5. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—PLEADING.
   In an action to remove, as a cloud on plaintiff's title, a conveyance thereof by a judgment debtor, the complaint alleged that he was indebted on notes at the time of the conveyance, which was voluntary and without consideration; that, shortly after the conveyance, such notes fell due, and actions were brought on them, which, though defended, resulted in judgments against defendant, and that executions issued thereon were returned wholly unsatisfied; and alleged that the conveyance was void for fraud. *Held*, that proof of these facts made a *prima facie* case, calling on defendant to contradict or explain the inferences therefrom.

Appeal from special term.
Action by John N. Smith against David C. Reid to remove a cloud from the title to real estate held by plaintiff. From a judgment for defendant plaintiff appeals. Code Civil Proc. § 1380, provides for the issue of execution, after the expiration of one year from the death of a party against whom judgment was rendered, against property on which it is a lien, upon leave obtained

by order of court, and a decree of the surrogate's court which granted letters testamentary, or letters of administration, on the estate of the judgment debtor. An amendment taking effect July 10, 1879, (Laws 1879, c. 542,) added a provision that "where the lien of the judgment was created, as prescribed in section 1251 of this act, neither the order nor the decree can be made until the expiration of three years after letters testamentary, or letters of administration, have been duly granted upon the estate of the decedent," etc.; which amendment (section 2) was to apply "only to a case where the decedent dies after this act takes effect." Section 1251, therein referred to, provides that a judgment docketed in a county clerk's office binds, and 'is a charge upon, for 10 years, the real property in the county which the judgment debtor has at the time of docketing it or acquires within the 10 years. Code Civil Proc. § 473, provides that "where an infant defendant resides within the state, and is temporarily absent therefrom, the court may, in its discretion, make an order designating a person to be his guardian *ad litem*, unless he, or some one in his behalf, procures such a guardian to be appointed," etc.

Argued before CLEMENT, Ch. J., and VAN WYCK, J.

*H. C. M. Ingraham*, for appellant.     *Horace Graves*, for respondent.

VAN WYCK, J. This action was brought to remove a cloud from title of real estate. Judgment of the special term was for defendant, and plaintiff appeals therefrom. It has been pretty well settled by our court of last resort that, notwithstanding a judgment debtor has made a prior fraudulent conveyance of his real estate, the judgment creditor may sell upon his execution such real estate, and "the purchaser thereat will have the right, and will take the risk, of impeaching such conveyance." *Bank* v. *Risley*, 19 N. Y. 369; *Erickson* v. *Quinn*, 15 Abb. Pr. (N. S.) 168; *Bergen* v. *Carman*, 79 N. Y. 153; *Bank* v. *Farthing*, 101 N. Y. 344, 4 N. E. Rep. 734; *Duell* v. *Alvord*, 41 Hun, 199.

The plaintiff in this action represents the interest derived from the purchaser at an execution sale of premises alleged to have been fraudulently conveyed by the judgment debtor prior thereto. Defendant represents an undivided one-third of the interest in the premises derived from Carrie Taylor, now Carrie Lowitz, one of the devisees of the grantee in such conveyance. This being so, then the purchaser under the execution sale in the judgment of the Nassau Bank against Taylor acquired, provided the execution was legally issued, such a title to or interest in the premises sold as would give him the right to impeach, at law or in equity, the prior conveyance of the judgment debtor, on the ground that it was fraudulent as against the judgment creditor. (See authorities above cited.) Was this execution illegally issued? The appellant's counsel, to sustain his contention that it was, calls our attention to a single ground, viz., that it was issued prematurely under section 1380, Code Civil Proc. But he must have overlooked that the three years' restriction therein has no application to cases where the judgment debtor died, as in this case, prior to July 10, 1879. See section 2, c. 542, Laws N. Y. 1879. The facts of this case will not uphold the defense that defendant was a *bona fide* purchaser without notice.

The plaintiff was in possession at the time of defendant's purchase of his interest, and such possession was notice of plaintiff's claim of title and interest. *Phelan* v. *Brady*, 119 N. Y. 588, 23 N. E. Rep. 1109. The judgment in the case of the Nassau Bank v. Cleland, Carrie Taylor, and others, declaring this deed of the judgment debtor void for fraud, is not binding upon Carrie Taylor or the defendant, who now owns her interest. Carrie Taylor, at the time that action was brought and judgment was granted therein, was an ·infant. She was never served with the summons in that action, and never made any application to appear therein by guardian or otherwise. Code Civil Proc §§ 426, 453.

The contention of plaintiff that this judgment was binding upon Carrie Taylor is not helped by the circumstance that one Cameron was served with the summons, and that he had been appointed guardian *ad litem* of Carrie Taylor on the application of the plaintiff in that action. She was not shown on such application to be a resident of this state, who was temporarily absent therefrom. Code Civil Proc. § 473. Did the pleadings in this case raise the issue that this conveyance of the judgment debtor was fraudulent, and, if so, did the evidence justify the finding that it was not fraudulent? The complaint sets forth that the judgment debtor was indebted on notes at the time of this voluntary conveyance without consideration, which notes fell due shortly after the date of conveyance, and were put in action soon thereafter, which resulted in judgment against defendant, though defended, and executions issued thereon were returned wholly unsatisfied. The complaint further set forth that the conveyance was void for fraud against creditors. The trial court found these allegations to be true, except that the conveyance was fraudulent. It does seem to us the facts so alleged and proved raised the presumption of fraud, and made out a *prima facie* case calling upon the defendant to contradict or explain away the inevitable inferences that such circumstances suggest. *Dunlap* v. *Hawkins*, 59 N. Y. 342, and see 346 and 347; *Cole* v. *Tyler*, 65 N. Y. 78; *Seward* v. *Jackson*, 8 Cow. 406; *Carpenter* v. *Roe*, 10 N. Y. 227; *Erickson* v. *Quinn*, 47 N. Y. 410.

It is apparent from the record, and to us from the argument of this appeal, that but little attention or effort was devoted to the trial *de novo* of this issue of fraudulent conveyance. Plaintiff's chief reliance seems to have been upon the so-called adjudication of this same issue in the other action, and defendant's main effort was to show that it did not bind Carrie Taylor, whose interest devolved upon defendant. We have already indicated our opinion of that supposed adjudication, and think that a new trial should be had, in which both parties will doubtless give more attention to the vital issue, if not the only one, presented to us in the appeal book. Judgment reversed, and new trial ordered, with costs to abide the event.