NORA FULLER, Respondent, v. NANCY BROWN and Another, Appellants.

*Motion to dismiss a complaint — reviewable upon appeal — transfer by a judgment debtor — question of fraudulent intent — complaint, when sufficient — right of subsequent creditor — evidence of financial condition.*

The erroneous denial of a motion made at the commencement of the trial of an action to dismiss the complaint on the ground that it did not state facts. sufficient to constitute a cause of action, is available upon an appeal from a judgment rendered against the defendant.

It is a question of fact and not of law whether or not a conveyance was made with intent to hinder, delay or defraud the creditors of the grantor.

The complaint in an action brought by a creditor to set aside the transfer of property of his debtor, as being fraudulent as to creditors, alleged that the defendant, without consideration, for the purpose and with the intent to hinder, delay and defraud her creditors, and particularly the plaintiff, and to prevent the plaintiff or any other creditor from levying upon and selling it, transferred certain property, and that such debtor neither claimed to own nor was possessed of property outside of that so transferred out of which the plaintiff's, demand could be satisfied.

*Held,* that while it was not expressly alleged that the defendant had no other or sufficient property remaining to pay her existing debts after and at the time of such conveyance, the complaint did allege facts sufficient to support the plaintiff's attack upon the transfer as having been fraudulently made.

While the want of a valuable consideration is not alone sufficient to sustain a charge of fraudulent intent in the transfer of property, it is an important fact, in that direction when it is made to appear that the transfer embraced substantially all the property of the debtor, and left him without means to pay what, he owed, and in such a case his voluntary conveyance is controlling evidence of fraud against his then existing creditors.

A person who recovers a judgment subsequently to a transfer made by his judgment debtor, in an action of tort, upon a liability existing at the time the transfer was made, is a subsequent creditor.

When the plaintiff in an action to set aside a transfer of property as fraudulent. stands to the debtor in the relation of a creditor whose claim arose subsequently to the transfer, he cannot rest upon the proposition that the imputation of fraudulent intent arises from the fact that the debtor made the transfer without valuable consideration and was at the time insolvent, but must show that it was made with actual intent to defraud.

The attempt to collect an execution against a judgment debtor within two weeks after a conveyance was made by her and the failure to do so furnish some evidence of her financial condition at the time the transfer was made, and the inference is justified that in the intermediate time no substantial change in respect to her property had taken place.

APPEAL by the defendants, Nancy Brown and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 18th day of September, 1893, upon the decision of the court after a trial before the court at Special Term.

*Henry Donnelly,* for the appellants.

*Ernest F. Kruse,* for the respondent.

BRADLEY, J.:

The purpose of the action was to have adjudged fraudulent as against the creditors of the defendant Nancy Brown, a deed of conveyance of certain land made by her to the defendant Allen, September 8, 1891.

The plaintiff became the judgment creditor of the defendant Brown December 15, 1891, by recovery in an action commenced in October of that year for the conversion of certain personal property about the 1st day of August, 1891. And execution against the property of the defendant Brown, issued December sixteenth upon the judgment, was returned unsatisfied January 8, 1892.

At the commencement of the trial the defendants' motion to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action was denied and exception taken. If this was error it is available to the defendants on this review. *(Tooker* v. *Arnoux,* 76 N. Y. 399.)

The objection made to the pleading is in its omission to allege that at the time the defendant Brown made the conveyance she was insolvent or rendered so by it, and that it was not alleged that she owed any debts other than that arising out of the cause of action upon which the plaintiff's judgment was recovered. In the complaint it is alleged that the conveyance of the property was made by the grantor to the defendant Allen, her son, "without consideration, for the purpose and with the intent to hinder, delay and defraud her creditors, and particularly this plaintiff," and to prevent the plaintiff or any other creditor from levying upon and selling it; that the property is worth $6,000, and that the defendant Brown "claims to own and is possessed of no property outside of the above so transferred, out of which the plaintiff's demand can be satisfied." While it is not there expressly alleged that the defendant had no

other or sufficient property remaining to pay her existing debts after and at the time of such conveyance, the complaint does allege facts sufficient to support the plaintiff's attack upon it as fraudulently made. The statute provides that every conveyance of property made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, etc., shall be void as against the person so hindered, delayed or defrauded. (2 R. S. 137, § 1.) And that is always a question of fact and not of law. (Id. § 4.) The intent, therefore, is the fact upon which the determination in such case must be founded, and that fact is distinctly alleged in the complaint. The reasons which go to sustain the imputation may constitute the evidence of the fact, and need not necessarily be alleged.

The charge of such intent, with the other facts alleged in the complaint, was such as to support the ruling of the court upon the preliminary motion.

The consideration expressed in the deed was a nominal one of one dollar. While the want of a valuable consideration is not alone sufficient to sustain the charge of fraudulent intent, it is an important fact in that direction when it is made to appear that the transfer embraces substantially all the property of the debtor, and leaves him without means to pay what he owes. In such case his voluntary conveyance is controlling evidence of fraud as against his then existing creditors. (*Erickson* v. *Quinn,* 47 N. Y. 410.) It has been said that a person who recovers a judgment subsequently to such a transfer by the judgment debtor in an action of tort upon a liability existing at the time it was made is a subsequent creditor. (*Ford* v. *Johnston,* 7 Hun, 563.) When the relation of the plaintiff in an action to set aside a transfer of property as fraudulent is that of subsequent creditor, he cannot rest upon the proposition that the imputation of fraudulent intent arises from the fact that the debtor made the transfer without valuable consideration and was at the time insolvent, but must show that it was made with actual intent to defraud. (*Dygert* v. *Remerschnider,* 32 N. Y. 629; *King* v. *Wilcox,* 11 Paige, 589.)

It may be observed that the judgment referred to in *Ford* v. *Johnston* was recovered in an action for assault and battery, while that upon which the plaintiff founded this action as a creditor was

recovered for the appropriation of her personal property in such manner as to constitute a conversion of it by the defendant Brown, who then incurred the liability to pay to the plaintiff the value of the property, and equitably as of that time the relation of the latter was that of a creditor or equivalently so for the purposes of the remedy founded upon the judgment. (*Pendleton* v. *Hughes*, 65 Barb. 136; 53 N. Y. 626; *Young* v. *Heermans*, 66 id. 374.) And assuming that the deed to Allen transferred all her property or left her insolvent, the inference was permitted that it was made with the intent on the part of the grantor to hinder or delay the plaintiff in the collection of the amount she should recover on account of such existing liability of the defendant to her, and that she thus intended to defraud the plaintiff as such creditor. (*Cole* v. *Tyler*, 65 N. Y. 73.) Such as are the natural consequences of the act may be deemed upon the facts to have been within the intent of the defendant. (*Coleman* v. *Burr*, 93 N. Y. 18-31.)

But it is urged that the plaintiff failed to establish by evidence facts from which such inference could legitimately be derived, because it did not necessarily appear that the defendant may not at the very time of making the deed have had other and adequate property to discharge her pecuniary liabilities. While this was not absolutely or conclusively proved it did appear that within two weeks after the conveyance was made, and on the 21st day of September, 1891, an execution against her property was issued to the sheriff of the county of her residence upon a judgment then recently recovered against her, and in about a month thereafter was returned unsatisfied. And, as has been observed, a like execution upon the plaintiff's judgment was issued in December following and thereafter returned with the same result.

The attempt and failure to collect the first execution so soon after the time of conveyance made by the defendant, furnished some evidence of her financial condition at the time the deed was made, and the inference was justified that in the intermediate time no substantial change in respect to her property had taken place. There was no evidence tending to prove or to indicate that she after the conveyance had any occasion to use or dispose of or may have disposed of property, or that she had any remaining after the transfer so made by the deed to Allen.

In view of the fact that it may be deemed to have been made for a mere nominal consideration, and was practically a voluntary conveyance, the return unsatisfied of the executions was evidence, although not conclusive, of the insolvency of the judgment debtor. (*Herrick* v. *Borst*, 4 Hill, 650.)

The present case differs quite materially from that of *Kain* v. *Larkin* (131 N. Y. 300) in respect to the question upon which that case was determined. There the execution returned unsatisfied was issued to the sheriff nearly a year and a half after the time of conveyance, and the evidence tended to prove that the judgment debtor in the meantime had occasion to expend and may have expended a considerable amount of money in his defense of the action and of the criminal prosecution against him. And the referee found that it was not shown by the evidence that the defendant had not ample means to pay all claims against him, including that for which the judgment was recovered, at the time of the conveyance. But that the transfer so made would so divest him of his property that he had not sufficient to satisfy the judgment. The latter part of the finding was construed to have reference to the time of the recovery of the judgment, which was seventeen months after the time of such conveyance. Upon such state of facts the court there held that the charge of intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, etc., was not sustained.

In the present case we think the evidence was sufficient to support the conclusion of the trial court.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed, with costs.