HATCH, J.
—Thisis a judgment creditor’s action, which asks to have set aside, as fraudulent, a conveyance made by the judgment debtor. Plaintiffs are the owners of certain premises, which, at the time when they acquired title, were leased to the defendant Whigam for a term of five years, at the annual rental of $2,100. This lease provided for a renewal at a rental to be agreed upon, and, in the event of failure by the parties to agree, the sum was to be determined by arbitrators, as provided therein. The lease expired in 1894, and, the parties being unable to agree, arbitration fixed the yearly rental at $2,300. The defendant Whigam continued under this lease until February, 1895, when she was dispossessed for nonpayment of rent. On the 2d day of November, 1893, she transferred all her property, consisting of several pieces of real estate, to her sister, the defendant Catharine Etzel. A nominal consideration of one dollar for the transfer was expressed in the deed. The deed was not recorded until the 17th day of May, 1894. There, was a failure to pay rent under the reneAved lease, and judgments were recovered therefor in the aggregate sum of $1,580.37, on the 13th day of July, 1894, and the 29th of March, 1895, respectively. The court beloAV found that the transfer of the real property by the defendant Whigam was in fraud of plaintiff’s rights, and adjudged the same void. It Avas not essential to the maintenance of this action that the defendant Whigam should have been indebted to the plaintiffs at the time when she made the transfer of her property. If she, in fact, made the transfer intending thereby to place her property beyond the reach of those who might subsequently become her creditors, the transfer becomes void as to them, as well as to those Avho had subsisting obligations at the time the transfer was made. King v. Wilcox, 11 Paige, 589.
At the time when this conveyance was made, there was a subsisting lease, the privilege of renewal existed, and whether it should be renewed or not was at the option of the lessee. She having exercised that option by a renewal, there was at all times an existing, continuing liability upon her part to pay the rent secured thereby. This condition constituted the plaintiffs creditors, AA’illiin the meaning of *497 the statute, at the time the transfer was made. Young v. Heermans, 66 N. Y. 374; Anderson v. Anderson, 64 Ala. 403; Bump, Fraud. Conv. §§ 501-506. In either aspect of this case, the plaintiffs are to be treated as credtors having a standing to attack this conveyance. Savage v. Murphy, 34 N. Y. 508; Cole v. Tyler, 65 N. Y. 73.
The evidence warranted the finding of the fraudulent intent in making the conveyance. It is needless to examine and set out in detail each particular fact which authorized the finding of the fraudulent intent. The main features are found in the fact that defendant Whigam was conducting a losing business upon the leased premises. There appeared to be no necessity for the conveyance, as the sister was not pressing for payment, assuming the debt existed, and was not aware of the conveyance at the time it was made. The deed expressed a nominal consideration only, and was withheld from record for a considerable period after its execution, and was only placéd thereon shortly before an installment of rent fell due. The court might well say that the consideration for the deed, which was subsequently asserted, ivas an afterthought. It is quite clear that the sum claimed for AATages to the sister Avas extravagantly large. No contract Avas ever made to pay her Avages, and nothing was ever paid to or demanded by her on account thereof. The circumstances attending the creation of this claim authorized its entire rejection. If, hoAvever, full effect Avas given to the Avhole consideration claimed, it still failed of being adequate for the property conveyed, upon a conceded valuation, by between five and six thousand dollars. Within the authorities cited, the court Avas clearly authorized to make the finding Avhich it did. Fuller v. Brown, 76 Hun, 557, 58 S. R. 249; Smith v. Reed, 134 N. Y. 568, 48 S. R. 156.
The judgment should be affirmed, with costs.
All concur.