in equal shares to the 'children' of a deceased sister of the testator, of whom there were three at the date of the will, but one died in his lifetime. It was held that the two survivors were entitled to the whole sum. See, also, 3 Hare, 348. I do not find in the books the exact case where the gift was to a class of persons as tenants in common, some of whom were incapable of taking by reason of alienage. But such a case falls within the principle of those referred to. Whether the impossibility of taking is a natural one, arising from the death of one or more of the devisees, or whether it flows from a legal incapacity, the result appears to me the same. In the example before us, the testator contemplated the objects of his bounty as a class, and not as individuals. The gift was to vest whenever his son should die without issue, and in fact it vested as soon as the will took effect by the decease of the testator himself; the contingent event having previously occurred. We think that James E. Marshall then became entitled to the one-half of the real estate in question, as the only competent representative of the class to which it was devised."

In Hoppock v. Tucker, 59 N. Y. 202, the bequest was to three children of a deceased daughter of the testator, by name. One of the children died without issue before the testator, and it was held that, notwithstanding the general rule that a bequest by name would be regarded as a personal legacy to each child, yet the general scheme of the will indicated an intent on the part of the testator to treat the grandchildren as a class, and that accordingly the two survivors took the whole.

These cases seem decisive, on principle, of the questions presented. The bequests to the sons and daughters of Cornelius Simonson is in effect to his children, and the nature of the incapacity to take cannot be of any importance in effecting the result. The first question is answered in the negative, and the second in the affirmative. It follows that the plaintiff has not established a cause of action, and that judgment should be rendered in favor of the defendants.

Judgment for defendants, with costs, on submitted case. All concur.

---

(58 App. Div. 560.)

MAASCH v. PARKIN et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

FRAUDULENT CONVEYANCES—INADEQUATE CONSIDERATION—DELAYING CREDITORS.

Plaintiff sued defendant and obtained a verdict, and during a stay of proceedings, and pending a motion for a new trial, defendant deeded real property worth $5,500, and which was subject to a mortgage of $2,700, to G., for an indebtedness of $950. Defendant had no other property out of which plaintiff's judgment could be satisfied. *Held*, that the conveyance was fraudulent as to plaintiff.

Appeal from special term, Queens county.

Action by Emma Maasch against William Parkin and August G. Grauer. From a judgment in favor of plaintiff, defendant Grauer appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Leander B. Faber, for appellant.
John W. Magee, for respondent.

GOODRICH, P. J. The action is brought to set aside, as fraudulent, a conveyance of premises at Morris Park, Long Island, dated May 23, 1899, and made by the defendant Parkin to the defendant Grauer. Parkin was the owner of six lots at Morris Park. In March, 1898, he made a written contract with the plaintiff for the erection of a building thereon for the price of $4,000. It was proved that the actual price was to be $3,500, and that the $4,000 was inserted, at Parkin's request, for the purpose of enabling him to secure a larger mortgage loan on the premises. The last payment on the contract not being made, the plaintiff sued Parkin therefor in the county court of Queens county, and on May 9, 1899, recovered a verdict of $1,500. A motion was made for a new trial, and a stay of proceedings was granted. An order denying the motion was entered on May 24th, and judgment was entered on May 27th. Execution was issued July 5th, and returned unsatisfied July 14th. The deed in question was executed on May 23d and recorded on May 24th, while the motion for a new trial was pending and the stay in force. The court found that Parkin neither on July 14th, the day the execution was returned unsatisfied, nor at any time since, has had property within the state, other than the premises in question, out of which the judgment could be satisfied; that he executed the deed while the stay was in force; that the premises were worth $5,500; and that the conveyance was without consideration, and was executed for the purpose of delaying and defrauding the plaintiff in the collection of his judgment.

Fraudulent intent is, by the statute, a question of fact, and there was evidence justifying the findings of the court. As there was conflicting evidence of the value of the property, ranging from $3,400 to $6,000, the court was justified in finding the value to be $5,500. There was a mortgage of $2,700, leaving an equity of $2,800. The defendant Grauer claims that the conveyance was made to secure an indebtedness of $950 to him and his father. When we examine the items of this amount, we find that $600 was secured by a chattel mortgage on certain fixtures on the premises which were used as a saloon, and that such mortgage was released, but that the fixtures came into the possession or control of the mortgagee or the defendant Grauer, or the tenant who is now in possession of the premises, presumably under lease from Grauer. It is not necessary to analyze further the items making up the alleged indebtedness; for, even allowing the full amount of the claim, and adding the $950 to the mortgage, there remained an equity of $1,850 in the premises. This is of itself a badge of fraud. Another badge of fraud was the conveyance after the rendition of the verdict, and while a stay of proceedings was in force. This, taken in connection with the excess of the value of the equity over the indebtedness, was sufficient to raise a presumption that the conveyance was fraudulent, and cast upon the defendants the burden of proving that Parkin had other property to satisfy the judgment. The deed described Parkin as a resident of New Jersey. There was no attempt to show that he had any property in this state, or that he was able to pay the judgment, and the court found that he was unable to do so. We have no doubt that

the conveyance was intended to, and actually did, hinder and delay the plaintiff in the collection of his judgment, and was fraudulent, and that it was made without adequate consideration. For these reasons the judgment should be affirmed.

Judgment affirmed on law and facts, with costs. All concur.