### RIKER v. GWYNNE et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. FRAUDULENT CONVEYANCES (§ 107*) — TRANSFERS INVALID — CONFIDENTIAL RELATIONS—PARENT AND CHILD.

While a bona fide antecedent debt may be a sufficient consideration for a conveyance by an insolvent child to his parent of all the grantor's property, the bona fides of the transaction will be carefully scrutinized by the courts.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 350; Dec. Dig. § 107.*]

2. FRAUDULENT CONVEYANCES (§ 8*)—TRANSFERS INVALID—TRANSFERS TO HINDER CREDITORS. .

An insolvent transferred his remainder interest in property worth $15,000, being all of his property, to his mother for a purported consideration of $6,000, which was made up of prior advances by his mother for his support. No accurate account had been kept of the advances, and the evidence strongly tended to show that the advances were gifts and not loans. The conveyance was made pending a suit against the grantor, in which he permitted judgment against him to be entered soon after the transfer, and his attorney in that suit represented his mother in the transfer. Held, that the conveyance was invalid as made to hinder and delay creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 8; Dec. Dig. § 8.*]

3. FRAUDULENT CONVEYANCES (§ 300*) — REMEDIES OF CREDITORS — EVIDENCE— SUFFICIENCY—CONSIDERATION.

In an action to set aside a conveyance, claimed to have been in consideration of a past indebtedness, as in fraud of creditors, the evidence held to show that the alleged consideration was a gift and not a loan.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 896; Dec. Dig. § 300.*]

4. FRAUDULENT CONVEYANCES (§ 286*)—REMEDIES OF CREDITORS—EVIDENCE— ADMISSIBILITY—VALUE OF PROPERTY.

In an action to set aside a conveyance as in fraud of creditors, recitals in the deed, revenue stamps affixed thereto, or the declarations of the parties, were not competent evidence as against the plaintiff to show the value of the property. ·

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 822; Dec. Dig. § 286.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. FRAUDULENT CONVEYANCES (§ 15*)—TRANSFERS INVALID—BADGES OF FRAUD.
    The transfer of property pending a suit against the grantor for a large
    amount, against which he had no defense, the conveyance by an insol-
    vent of all his property, the insolvency of a grantor when he conveyed
    property, which was known to the grantee or her attorney, the convey-
    ance in consideration of an alleged past indebtedness which is not clear-
    ly shown to be a loan and not a gift, are all indicia of fraud.
    [Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig.
    § 15.*]

6. FRAUDULENT CONVEYANCES (§ 283*)—REMEDIES OF CREDITORS—EVIDENCE—
    BURDEN OF PROOF—GOOD FAITH.
    That a grantor was hopelessly insolvent when he transferred property
    to his mother, which was known to her or her attorney in the transac-
    tion was sufficient to place upon the parties to the transfer the burden
    of showing good faith, in an action by creditors to set aside the con-
    veyance.
    [Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig.
    § 283.*]

    Patterson, P. J., and Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Samuel Riker, Jr., as trustee in bankruptcy of Edward E.
Gwynne, against Helen S. Gwynne, as administratrix, and others.
From a judgment dismissing the complaint (109 N. Y. Supp. 570),
plaintiff appealed. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Max J. Kohler, for appellant.
C. R. Waterbury, for respondents.

SCOTT, J. This is an appeal by plaintiff, as trustee in bankruptcy
of Edward E. Gwynne, from a judgment dismissing his complaint upon
the merits. The action is brought to set aside a conveyance of real es-
tate made by the bankrupt to his mother, upon the ground that it was
made with intent to hinder, delay, and defraud creditors. The prop-
erty conveyed was a vested remainder in the undivided one-half of a
house and lot of ground in the city of New York, subject to the life
estate of a man then 57 years of age. The conveyance was made on
February 8, 1901, when the grantor was wholly insolvent and was the
defendant in a certain action in which he soon afterwards permitted
judgment to be entered against him for about $50,000. The expressed
consideration in the deed was "$10 and other valuable considerations,"
but there were revenue stamps attached indicating an actual considera-
tion of $6,000. The court below has found that the defendant's moth-
er, his grantee, actually paid $6,000 as consideration for the convey-
ance, and that the value of the interest conveyed did not at the time
of the conveyance exceed $6,000. The alleged consideration, at least
to the extent of $5,000, consists of moneys paid to the bankrupt by his
mother previous to the conveyance.

It is not denied by the appellant that a bona fide antecedent debt may
constitute a sufficient consideration for a conveyance, even if the gran-
tor be insolvent; but when the grantor and grantee occupy to each

other the relation of parent and child, and the conveyance strips the debtor of all his property, the courts look with careful scrutiny at the bona fides of the transaction. Lawrence Bros. v. Heylman, 111 App. Div. 848, 98 N. Y. Supp. 121. The evidence showed that the bankrupt had for a long time been dependent upon his mother for support, and that she had been in the habit of giving him about $400 a month, upon which he had lived. The great bulk of the consideration was sought to be made up of sums thus paid, although no account of them had ever been kept, and no attempt was made to show just how much had been paid him in this way, or how much was due from him to his mother at the time of the conveyance, if the monthly allowances were to be treated as loans and not as gifts. There was nothing whatever to show that these payments, when made, were considered by the parties or treated as loans. Not only was no account kept of them, and no receipts or other obligations given for them, but the mother herself, in her testimony, avoids, with apparent care, speaking of them as loans or alleging that they were such, but always speaks of them as money "given" to her son. The conclusion seems to be inevitable that they were gifts, and that it never occurred to any one to regard them as loans until it became necessary to find a consideration for which the bankrupt might place his property without the reach of his creditors and preserve it for the benefit of his own family. That it was the intention of the bankrupt to hinder and delay his creditors is too plain for argument. He had been sued for a large sum of money, and while he defended the action so far as possible with a view to postponing the entry of judgment, when he could no longer delay the trial, he withdrew his answer and permitted judgment to be taken against him. In the meantime he had made this conveyance to his mother of his last remaining piece of property, and she had been represented in the transaction by the same attorney who was conducting the defense of the suit against the bankrupt, and therefore knew of the impendency of a large judgment against the latter. The court has found that the value of the property conveyed did not exceed $6,000. There is no evidence to sustain this finding; the only testimony on the subject being that of a real estate dealer, who placed the value at upwards of $15,000. This, of course, was opinion evidence, and merely advisory; but the fact remains that it is the only competent evidence of value in the case, for the recitals in the deed, or the stamps affixed thereto, or the declaration of the parties to it, are not competent evidence of value as against this plaintiff. Tifft v. Barton, 4 Denio, 171.

The case presents all, or nearly all, of the circumstances that are recognized by the authorities as indicia of fraud. First, the transfer was made while a suit for a large amount was pending against the grantor, to which it appears he had no available defense. Ford v. Johnson, 7 Hun, 563; Maasch v. Grauer, 58 App. Div. 560, 69 N. Y. Supp. 187. Second, the transaction stripped the debtor of all his property available to meet the demands of his creditors. Cole v. Tyler, 65 N. Y. 73; Fuller v. Brown, 76 Hun, 557, 28 N. Y. Supp. 189. Third, the debtor was hopelessly insolvent when the transfer was made, and this fact, if not actually known to his mother (as it probably was), was

certainly known to her attorney who represented her in the transaction. This circumstance of itself cast upon the grantee, as well as the grantor, the burden of proving the bona fides of the transaction. Fuller v. Brown, supra; Wadleigh v. Wadleigh, 111 App. Div. 367, 97 N. Y. Supp. 1063. The proof clearly showed, and the court found, that Edward E. Gwynne was insolvent at the time of the conveyance. The defendants did not assume, or at least satisfactorily sustain, the burden of showing bona fides; but, on the contrary, it seems to have been assumed that the burden of proving mala fides and inadequacy of consideration still rested upon the plaintiff. Fourth, the fact that the conveyance was from a son to his mother carried a suggestion of fraud, in conjunction with the other facts in the case. First National Bank v. Miller, 163 N. Y. 164, 57 N. E. 308; Lawrence Bros. v. Heylman, supra. Fifth, the fact that the consideration is attempted to be found in past advances, which are not clearly shown to have been loans, and not gifts, and the amount of which is left vague and uncertain. Sixth, notwithstanding all these indicia of fraud, and the consequent obligation resting upon defendants to establish the bona fides of the transaction, they made no attempt to prove that the interest conveyed was not worth more than the alleged consideration, or, indeed, to prove any value whatever, leaving the only evidence in the case as to value that of plaintiff's expert, who put it at upwards of $15,000. There are other circumstances, of perhaps minor importance, but all of which tend to show that the conveyance was made and accepted for the sole purpose of hindering and delaying the grantor's creditors, and especially that one who was pressing his claim, and in order that the property might be kept in the family for the ultimate benefit of the grantor's children, to whom, in fact, it was devised by his mother by a will executed shortly after the transfer.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

LAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. (dissenting). The action was to set aside a conveyance made by Edward E. Gwynne, now deceased, to his mother, Louise Gwynne, also deceased. The deed was executed on the 8th of February, 1901. The court found that the grantee had advanced and paid to the grantor the sum of $6,000 in consideration of the said conveyance, which sum was the full value of the interest of the grantor in the said premises, and that this conveyance was made by Edward E. Gwynne to his mother, Louise Gwynne, in good faith, for an adequate consideration, and without intent to hinder, delay, or defraud his creditors.

The action being based upon fraud, the burden of proof was upon the plaintiff to establish fraud by competent evidence against the grantor and grantee. Both parties to the conveyance being dead, it was sought to establish this fraud by an examination of the grantor and grantee in supplementary proceedings against the grantor. The examination of the grantor was on January 9, 1902, and the examination of the grantee on February 13, 1902. The examination of the gran-

tor was not competent evidence as against the grantee; she not being represented upon that examination and having no opportunity of cross-examining the witness. There is nothing in the examination of the grantee which was competent evidence against her or her successors in interest to justify a finding that the conveyance was made with intent to hinder, delay, and defraud creditors. She testified that she had advanced a sum of money exceeding $6,000 to the grantor, and that this conveyance was taken in payment of such advances, and there is no evidence to contradict this statement. Assuming that the court was not bound to believe this statement, if it is not believed, there is then no evidence as against the grantee that there was no consideration for the conveyance, and nothing that would justify this court in reversing the finding of the trial courts that the conveyance was for an adequate consideration and was not made with intent to hinder, delay, and defraud creditors. So far as the value of the property is concerned, an examination of the testimony of the only expert called is sufficient to show that it was absolutely unreliable. Here was an interest in a piece of real property of which the grantor was only entitled to undivided interest in a remainder dependent upon a life estate of a person 57 years of age. There was no evidence to show the market value of such an interest at the time the conveyance was made. The life tenant might live for many years, and the grantor would at his death be entitled to an undivided interest in the property, which would require a partition suit to realize when the grantor or his successors in interest became entitled to the possession of the property. The value of such an interest in real property cannot be determined by a consideration of the value of the property owned in fee at the time of the conveyance with a deduction for the probable duration of the life of the life beneficiary, and, as before stated, no attempt was made to prove the present market value of the interest of the grantor at the time the conveyance was made.

On the whole case, I think the finding of the trial court was sustained by the evidence, and that the judgment appealed from should be affirmed.

PATTERSON, P. J., concurs.