WILLIAM B. ROULSTON, Plaintiff, *v.* GEORGE COFFING WARNER, Defendant.

Supreme Court, New York County, April 25, 1929.

*Law, Roulstone & Marshall,* for the plaintiff.

*Lyon, Lee & Lyon,* for the defendant.

COTILLO, J. This is a motion by the defendant to dismiss each of the three causes of action set forth in the complaint on various grounds urged, or, in the alternative, to strike out certain allegations on the ground of irrelevancy.

With reference to the first cause of action, the motion is to dismiss (a) because of failure to allege a cause of action; (b) because the Statute of Limitations is a bar to the same, or (c) in the alternative, to strike out certain allegations thereof on the ground that the same are irrelevant, redundant and unnecessary.

Regarding (a), the basis of the motion, as argued in defendant's brief, is a failure to allege " restoration of property received from defendant, nor an offer to restore what he received which is essential to any action for rescission; nor does it allege that all the conditions of the agreement on his part had been ' duly performed ' as is required in an action on the law side of the court for damages." This action does not purport to be one for rescission but is brought to recover damages for fraudulent representations. While an offer to restore or restoration of property may be necessary in an action for rescission, there is no such necessity in an action for damages for fraud. Defendant is also in error in contending that

the failure to allege that the plaintiff has "duly performed" all the conditions of the agreement. Such an allegation is only necessary in an action on a contract and not as here, in an action to recover damages for fraudulent representations. This cause of action contains the necessary allegations of an action to recover damages for fraudulent representations, and the motion to dismiss on the ground urged must, therefore, be denied.

Regarding the claim that the Statute of Limitations is a bar to this action, the period of limitations to procure a judgment for fraud is six years, but the cause of action in such a case is not deemed to have accrued until the discovery of the fraud by the plaintiff. While the representations alleged to have been fraudulent were made more than six years prior to the commencement of the action, plaintiff claims that he did not discover their falsity until 1927. There are other conflicting statements in the affidavits as to defendant's absence from the State and non-residence in the State. I regard it as the better practice under these circumstances, to deny the motion to dismiss on the ground that the Statute of Limitations is a bar, and thus permit the facts to be fully developed upon the trial.

Regarding the branch of the motion to strike out certain allegations in this cause of action, I do not deem these immaterial, irrelevant, redundant or unnecessary. Proof of the allegations sought to be stricken out can undoubtedly be offered on the trial and the defendant, therefore, cannot be prejudiced by being required to answer them. The motion is, therefore, denied in its entirety as to the first cause of action.

The motion to dismiss the second cause of action for failure to state facts sufficient to constitute a cause of action is granted. It is difficult to ascertain from this pleading what cause of action plaintiff intended to allege. Allegations of fraud, conversion and breach of contract are mingled. The court should not be required to do the separating.

As to the third cause of action, I deem the allegations sufficient to constitute an action for damages for breach of contract, and the motion to dismiss, or, in the alternative, to strike out certain allegations, is denied. The plea of res adjudicata cannot avail the defendant because the issues litigated in the action referred to were not between the parties to this suit, but between the plaintiff and one who apparently claimed to be an innocent holder of the note for value; nor can this cause of action be dismissed because the Statute of Limitations is a bar by reason of the conflicting statements in the affidavits as to the absence of the defendant from this State and

his non-residence. It is true that the defendant claims in his affidavit that he was engaged in business here and was available for the service of process. These allegations are denied by the plaintiff, however, and as is stated, with reference to the first cause of action, I deem it more in the interests of justice to permit these facts to be developed and established upon the trial.

The motion is granted to the extent indicated. Settle order.