MAX ROSENBERG, Appellant, *v.* CHARLES ROSENBERG and Another, Respondents.

First Department, June 8, 1934.

*Morton M. Einstein,* for the appellant.

*Irving Rosenberg,* for the respondents.

MARTIN, J. Max Rosenberg, the plaintiff herein, brought this action to recover damages because of an alleged fraud committed

by the defendants. In 1924 he became engaged to marry Pearl Rosenberg, and on January 25, 1925, he did marry her. The defendants are the parents of Pearl Rosenberg.

The complaint alleges that this action is predicated upon misrepresentations of the defendants as to the physical and mental condition of their daughter made to the plaintiff prior to his engagement and marriage. The plaintiff alleges that he was induced to marry the daughter of the defendants because of their statements that their daughter had never suffered from any serious ailment or disability; that she had not required the services of, nor consulted, a physician and that she had at all times been in the best of health, both mentally and physically. It is alleged that the statements and representations were made with the intent that the plaintiff should rely thereon; that he did so; that they were false and untrue and were known by the defendants to be false and untrue when made.

It is then set forth that on April 9, 1921, Pearl Rosenberg, on the petition of her father, one of these defendants, had been adjudged insane and had been committed to the Hudson River State Hospital for the Insane. Damages in the sum of $150,000 are demanded because of the alleged humiliation, indignity, disgrace and mental anguish and the great expense which plaintiff incurred in supporting and maintaining his wife.

The defendants raised no question as to the sufficiency of the complaint, inasmuch as the right of action of the plaintiff, under the circumstances set forth therein, was properly set forth, but they did move for an order dismissing the complaint upon the ground that the cause of action did not accrue within the time limited by law for the commencement of such an action. The plaintiff opposed the motion and in his affidavit set forth that he did not know of the fraud until on or about February 21, 1933, when he first learned that his wife had been adjudged insane and committed to an institution and that he then commenced this action in November, 1933, less than a year after he had knowledge of the fraud.

The court at Special Term granted the motion of the defendants, and dismissed the complaint upon the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon since the action was based on alleged fraudulent representations by the defendants to the plaintiff more than nine years prior to the commencement of this action.

While it may be true that the fraud occurred nine years ago, that date is of no consequence. The important date to consider is that on which the plaintiff first learned or should have known the facts constituting the fraud which he says was perpetrated upon him.

The Civil Practice Act (§ 48, subd. 5) sets forth the classes of actions which must be commenced within six years after the cause of action has accrued, and as to actions in fraud it provides: "An action to procure a judgment on the ground of fraud. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

In *Dumbadze* v. *Lignante* (244 N. Y. 1) it was held that a cause of action did not accrue until the discovery by plaintiff of the facts constituting the fraud. At page 9 the court said: " Whichever view, however, we take of the complaint, the date of payment to Lignante, March 6, 1917, would not be the date from which the Statute of Limitations would run. It would be the time when the plaintiff could or should have made a demand, or the time when he knew or should have known of the fraud.

" The complaint, therefore, should not have been dismissed. Upon a trial it may appear that the plaintiff either knew or should have known of the facts earlier than 1923 and that his claim may be barred. Upon the facts as pleaded, however, he is entitled to be heard."

In *Erickson* v. *Quinn* (47 N. Y. 410) the court said: " Knowledge by the creditor of the existence of this conveyance, and of the indebtedness of the grantor, without knowledge that the conveyance was voluntary and without consideration, could not be deemed knowledge of the facts constituting the fraud. Until he learned the fact last mentioned, he cannot be said to have discovered the facts constituting the fraud."

In *Otier* v. *Neiman* (96 Misc. 481) the court held that the Statute of Limitations begins to run upon a cause of action for actual fraud six years after the discovery of the fraud.

In *Roulston* v. *Warner* (134 Misc. 459, at p. 461) the court said: " Regarding the claim that the Statute of Limitations is a bar to this action, the period of limitations to procure a judgment for fraud is six years; but the cause of action in such a case is not deemed to have accrued until the discovery of the fraud by the plaintiff." (See, also, *Mason* v. *Henry*, 152 N. Y. 529.)

Knowledge of the misrepresentations is an essential prerequisite to the running of the Statute of Limitations in a case of this kind. It was not a question of when the plaintiff's wife began to act queerly, but when the plaintiff actually learned or should have learned of the facts which constitute the fraud upon him. It may be that on the trial the defendants will be able to show that plaintiff knew all the facts at the time of the marriage. Such proof will defeat the plaintiff's claim.

The order granting the motion to dismiss the complaint and the judgment entered thereon should be reversed, with costs, and the motion denied, with ten dollars costs, with leave to defendants to answer within twenty days after service of order upon payment of said costs.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.