## WILSON v. ROBINSON et al.
### No. 343.

Circuit Court of Appeals, Second Circuit.
May 4, 1936.

Joseph G. M. Browne, of Brooklyn, N. Y. (Joseph G. M. Browne and Bernard L. Swirsky, both of Brooklyn, N. Y., of counsel), for appellants.

Louis P. Rosenberg, of Brooklyn, N. Y., for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

On June 10, 1931, the bankrupt transferred real property in the borough of Brooklyn, city of New York, to his daughter, Sylvia Ehrlich. The purported consideration was an antecedent debt. Such a grant, from father to child, requires careful scrutiny. See White v. Benjamin, 150 N.Y. 258, 265, 44 N.E. 956; Riker v. Gwynne, 129 App.Div. 112, 113, 113 N.Y.S. 404. The daughter had previously testi-

fied that the transfer was a gift, and the trial court cannot be upset in its finding that the transfer was entirely voluntary. Where a voluntary transfer is made when debts of the grantor are outstanding, the burden of going forward with proof of solvency is upon the transferee. Feist v. Druckerman, 70 F.(2d) 333 (C.C. A.2); Ga Nun v. Palmer, 216 N.Y. 603, 111 N.E. 223. At the time of the transfer, the bankrupt's assets consisted only of the property conveyed and his shares in the A. J. R. Holding Corporation. The transfer of this property left the bankrupt possessed only of his stock. No evidence was offered of the value of these shares, and no statement was submitted as to the corporation's assets and liabilities. The proof offered on the value of the realty held by the corporation is ample to justify the finding of the District Court that the bankrupt was insolvent. The testimony showed an equity of $5,000 in one property and none in the other. The bankrupt has failed to establish his solvency at the time he made the conveyance, since his outstanding debts are conceded, even by him, to exceed $15,000, and no assets equal to that amount are shown. This transfer is fraudulent without regard to the transferor's actual intent. Section 273, Debtor and Creditor Law (Consol.Laws, c. 12).

 Even if the alleged debt did exist, the transfer was not within section 272 of the Debtor and Creditor Law of New York (Laws 1925, c. 254, § 1), since the bankrupt, by his own testimony, established that the value of the equity transferred greatly exceeded the amount of the alleged debt. A grossly inadequate consideration is a badge of fraud. Lowenstein v. Reikes, 60 F.(2d) 933 (C.C.A.2). Actual fraud was also indicated by the dubious story offered in evidence to the effect that the bankrupt conveyed the property to his daughter for an indebtedness of three or four thousand dollars. Neither father nor daughter were able to show that the transaction was in good faith. The transferee knew of the fraud and participated in it. Thus the transfer can be set aside as actually fraudulent within section 276 of the New York Debtor and Creditor Law.

 The appellant, Sarah Robinson, in joining with her husband in conveying his property, purported to release her dower rights in it. The release of dower by a wife must be accompanied by or be incident to a conveyance by her husband. Since the conveyance in which she joined is set aside as void, the release is inoperative as against her. Malloney v. Horan, 49 N.Y. 111, 10 Am.Rep. 335; Hinchliffe v. Shea, 103 N.Y. 153, 8 N.E. 477; Jenkins v. Mollenhauer, 105 Misc. 15, 173 N.Y.S. 870, establish this to be the local law of New York. It will be followed by the national courts in the absence of any conflicting provision in the Bankruptcy Act (11 U.S.C.A. § 1 et seq.). Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889. The same situation has been so decided. In re Lingafelter, 181 F. 24, 32 L.R.A.(N.S.) 103 (C.C.A.6). Cf. Johnson v. Payne, 26 F.(2d) 450 (C.C. A.8). The appellant Sarah Robinson has a dower interest in the property conveyed which the decree to be entered will protect.

Decree modified.