LONG ISLAND LIGHTING COMPANY, Respondent, v. VILLAGE OF OLD BROOKVILLE et al., Appellants.— Defendants appeal from a judgment declaring that the zoning ordinance of defendant village is ineffective to prevent plaintiff from erecting an electric transmission line, and dismissing defendants' counterclaim, which sought to restrain, as a public nuisance, the erection of a transmission line above ground. Judgment unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ. [See *post*, p. 910.]

ANTHONY PALAZZOLA et al., Doing Business as LAKEVIEW CONTRACTING Co., Respondents, v. PENNSYLVANIA FIRE INSURANCE Co., Appellant.— Action on an insurance policy to recover a loss due to malicious mischief. Order denying defendant insurer's motion to dismiss the complaint on the ground that the action is barred because of the failure of plaintiffs to commence the action within twelve months after the happening of the loss, according to the terms of the policy, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs. Defendant rejected the claim, at the latest, approximately one and one-half months before the expiration of the twelve-month period. No prejudice to plaintiffs resulted which could lead to a meritorious claim of waiver or estoppel. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

WILLIAM H. PURVIN, Appellant, v. HAROLD N. GREY, Respondent.— Action by assignee of a judgment-creditor to recover damages sustained as the result of a fraudulent conspiracy whereby a debtor, in anticipation of a judgment against him, divested himself of his assets and transferred them to defendant. The complaint was dismissed at the close of plaintiff's case. Judgment for defendant reversed on the law and new trial granted, with costs to appellant to abide the event. Plaintiff's proof was sufficient, prima facie, to warrant a finding that the debtor had caused the transfer of assets of Gothic Watch Co. to defendant for no consideration at all, in that a purported antecedent indebtedness had never existed or had been paid, or for a grossly inadequate consideration. (*First Nat. Bank.* v. *Miller*, 163 N. Y. 164; *Bristol* v. *Hull*, 166 N. Y. 59, 67; *Riker* v. *Gwynne*, 129 App. Div. 112; *Hickok* v. *Cowperthwait*, 134 App. Div. 617.) In the light of the right of plaintiff and his assignor to rely upon representations that defendant had invested his own money in a new corporation, in the form of testimony taken in supplementary proceedings (*Albert* v. *Title Guarantee & Trust Co.*, 277 N. Y. 421, 423), it was for the jury to determine whether plaintiff should have known of the existence of the claimed fraud for more than six years prior to commencement of the action. (*Erickson* v. *Quinn*, 47 N. Y. 410; *Higgins* v. *Crouse*, 147 N. Y. 411; *Slayback* v. *Raymond*, 93 App. Div. 326.) Section 55-a of the Insurance Law of 1909 is inapplicable if the loans on the policies had been transferred with intent to defraud creditors and, particularly, if assets of the debtor in excess of $20,000, sufficient to pay the judgment, were thereby procured. The court erred in excluding testimony of defendant as to the substance of his examination in supplementary proceedings. In the light of his professed ability to recall the substance of his testimony and the unavailability of the primary proof, secondary proof was admissible. (Cf. *Kain* v. *Larkin*, 131 N. Y. 300, 310–311.) The court properly excluded Exhibit 51 for identification. Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.